Case No. 23-1486

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**Marc M. Susselman**

*Plaintiff-Appellant*

v.

**Washtenaw County, Washtenaw County Sheriff's Office, and
Superior Township**

*Defendants-Appellees*

_____

**On appeal from the United States District Court
For the Eastern District of Michigan
Hon. Bernard Friedman**

**Case No.: 2:20-cv-12278**

_____

## APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE A MOTION FOR REHEARING AND FOR EN BANC REVIEW

_____

Marc M. Susselman (P29481)
Attorney for Plaintiff-Appellant
43834 Brandywyne Rd.
Canton, Michigan 48187
(734) 416-5186
marcsusselman@gmail.com

Marc M. Susselman hereby moves pursuant to Federal Rule of Appellate Procedure 26(b) and Rule 26 of this Court's Rules for a 21-day extension of time within which he may file a petition for rehearing and for rehearing *en banc,* from August 12, 2024, to September 3, 2024, since September 2 is Labor Day, to rehear the decision of the panel rendered on July 29, 2024, attached hereto as Exhibit 1.

Marc Susselman recognizes that under this Court's Rule 40 such an application is granted only "for the most compelling reasons." The following are "compelling reasons" to extend the time for the filing of a petition for rehearing and for rehearing *en banc*:

1.      The current due date for a petition for rehearing and for rehearing *en banc* is August 12, 14 days after the issuance of the Court's decision on July 29.

2.      Appellant is in the process of preparing a petition for *certiorari* in another case in which he is the principal attorney for the appellant.  The due date for the petition for *certiorari* is August 8, 2024.

3.      Appellant is also scheduled to begin a jury trial in the Oakland County Circuit Court, Michigan, on August 8, 2024.  The jury trial is likely to last 4-5 days, which will overlap with the August 12 due date for the petition for rehearing and for rehearing *en banc.*

4.      The amount of time which will be required to finalize the petition for *certiorari* and simultaneously prepare for the jury trial currently scheduled to

commence on August 8 does not leave sufficient time for Appellant to prepare a motion for rehearing and rehearing *en banc* with the degree of care that such a motion and brief in support demands.

5.    Appellant is accordingly requesting that the due date for the filing of the motion for rehearing and for rehearing *en banc* be extended by 21 days, to September 3, 2024, since September 2 is Labor Day.

**WHEREFORE,** the undersigned requests that the due date for Appellant's petition for rehearing and for rehearing *en banc* be extended an additional 21 days, until September 3, 2024.

Respectfully submitted,

Marc M. Susselman
Attorney at Law
43834 Brandywyne Rd.
Canton, Michigan 48187
(734) 416-5186
marcsusselman@gmail.com

/s/  Marc M. Susselman
Attorney for Appellant

Dated:  August 1, 2024

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that he served a copy of Appellant's Motion For Extension of Time To File A Petition For Rehearing And For Rehearing *En Banc* on each of the attorneys of record via the ECF system of the Sixth Circuit Court of Appeals on August 1, 2024.

Marc M. Susselman
Attorney at Law
43834 Brandywyne Rd.
Canton, Michigan 48187
(734) 416-5186
marcsusselman@gmail.com

By:                                /s/  Marc M. Susselman
                                       Attorney for Appellant

Dated: August 1, 2024

# EXHIBIT 1

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| Kelly L. Stephens | 100 EAST FIFTH STREET, ROOM 540 | |
| Clerk | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 29, 2024

Mr. James Andrew Buster
Mr. Keith E. Eastland
Miller Johnson
45 Ottawa Avenue, S.W., Suite 1100
Grand Rapids, MI 49503

Ms. Nancy V. Dembinski
Mr. David B. Landry
Landry, Mazzeo, Dembinski & Stevens
37000 Grand River Avenue, Suite 200
Farmington Hills, MI 48335

Mr. Marc M. Susselman
43834 Brandywyne Road
Canton, MI 48187

Re: Case No. 23-1486, *Marc Susselman v. Washtenaw Cnty. Sheriff's Office, et al*
Originating Case No. : 2:20-cv-12278

Dear Counsel,

The court today announced its decision in the above-styled case.

Enclosed is a copy of the court's published opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Yours very truly,

Kelly L. Stephens, Clerk

Cathryn Lovely
Deputy Clerk

cc:  Ms. Kinikia D. Essix

Enclosures

Mandate to issue.

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0158p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MARC M. SUSSELMAN,

                *Plaintiff-Appellant*,

    *v.*

WASHTENAW COUNTY SHERIFF'S OFFICE; JONATHAN
KING; WASHTENAW COUNTY, MICHIGAN; SUPERIOR
TOWNSHIP, MICHIGAN,

                *Defendants-Appellees*.

> No. 23-1486

_____

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:20-cv-12278—Bernard A. Friedman, District Judge.

Argued:  March 21, 2024

Decided and Filed:  July 29, 2024

Before:  GIBBONS, BUSH, and MURPHY, Circuit Judges.

_____

## COUNSEL

**ARGUED:**  Marc M. Susselman, Canton, Michigan, in pro per.  James A. Buster, MILLER JOHNSON, Grand Rapids, Michigan, for Washtenaw County Appellees.  Nancy Vayda Dembinski, LANDRY, MAZZEO, DEMBINSKI & STEVENS, PC, Farmington Hills, Michigan, for Appellee Superior Township.  **ON BRIEF:**  Marc M. Susselman, Canton, Michigan, in pro per.  James A. Buster, Keith E. Eastland, MILLER JOHNSON, Grand Rapids, Michigan, for Washtenaw County Appellees.  Nancy Vayda Dembinski, LANDRY, MAZZEO, DEMBINSKI & STEVENS, PC, Farmington Hills, Michigan, for Appellee Superior Township.

No. 23-1486          *Susselman v. Washtenaw Cnty. Sheriff's Office, et al.*          Page 2

_____

## OPINION

_____

JOHN K. BUSH, Circuit Judge.  Marc Susselman made a federal case out of a traffic ticket.  In February 2020, he drove around a police cruiser parked across the eastbound lane of traffic with its lights flashing.  A Washtenaw County Sheriff's deputy issued him a ticket for failing to yield.  That ticket was dropped and, soon after, Susselman received another citation arising from the same incident for failing to obey a police officer directing traffic.  The Michigan circuit court ultimately dismissed the second traffic ticket.  In federal court, Susselman asserted constitutional and state law claims against Washtenaw County, the Washtenaw County Sheriff's Office, the sheriff's deputy, and Superior Township, Michigan.  The district court granted the defendants' motions to dismiss all claims against them.  We affirm.

I.

On February 1, 2020, Susselman drove eastbound on Plymouth Road in Superior Township, Michigan.  As he approached the intersection at Cherry Hill Road, he came upon a Washtenaw County Sheriff's patrol car, lights flashing and parked horizontally across the eastbound lane.  Susselman did not observe any barricades or see any officers directing traffic.  Nor did he see the fatal accident further down the road.  After checking for oncoming vehicles, Susselman pulled into the unobstructed westbound lane and drove past the cruiser.

Immediately, Deputy Sheriff Jonathan King ran towards Susselman's vehicle waving his arms.  He informed Susselman that he had just entered the scene of a fatal accident and would receive a ticket.  Another officer, Deputy Brian Webb, approached and repeated that Susselman had entered the scene of an accident.  He asked for Susselman's license and returned to his patrol car to issue the citation.  Susselman then began to yell at Deputy King for failing to block the entire road.  Webb returned and handed Susselman a ticket for $400, citing him under M.C.L. § 257.602 for disobeying a police officer directing traffic flow.

Susselman pleaded not guilty and received a notice to appear at a formal hearing on March 17, 2020.  For unknown reasons, the notice recorded a different charge than the one that

No. 23-1486          *Susselman v. Washtenaw Cnty. Sheriff's Office, et al.*          Page 3

appeared on Susselman's ticket—instead of citing him for disobeying an officer, it stated that he failed to yield under M.C.L. § 257.649. Susselman emailed the prosecuting attorney, Jameel Williams, requesting that he drop the case. He explained the events preceding the ticket and why he did not think he was guilty of violating M.C.L. § 257.649. He added that he could not be punished for arguing with King because that conduct was protected by the First Amendment. Williams agreed to dismiss the ticket for failing to yield.

Soon after, however, Susselman received a new ticket in the mail—again for disobeying a police officer directing traffic. As it turns out, Williams had emailed Deputy King after receiving Susselman's email. Williams agreed that Susselman was not guilty of failing to yield and suggested King issue a new ticket for disobeying a police officer—the charge that King initially told Susselman he would receive but that inexplicably did not appear on the notice. Williams wrote, "[p]rocedurally, I assume we would agree to dismiss the original charge (make him think he is a badass and won something) and then issue the new ticket under MCL 257.602." R.33, PageID 679. King replied, "I think that is a great plan!" *Id.* at 678.

Susselman pleaded not guilty to the second ticket. After Williams declined to drop the charge, Susselman asked the state court to dismiss the ticket. He argued that there was no probable cause under M.C.L. § 257.602 because no officer was near the patrol car directing traffic. The court denied the motion to dismiss and Susselman appealed. Because the prosecuting attorney's office failed to file a response, the Michigan circuit court reversed and dismissed the ticket.

Susselman sued Washtenaw County, the Washtenaw County Sheriff's Office, Superior Township, and King under 42 U.S.C. § 1983 and Michigan state law. His federal claims are essentially twofold: First Amendment retaliation and Fourteenth Amendment malicious prosecution. In Counts I and II, he claims that King issued the second ticket in retaliation for their argument and for his letter to Williams, violating his rights to speech and petition. In Counts IV and VI, he claims that King and Superior Township (through Williams) maliciously

No. 23-1486        *Susselman v. Washtenaw Cnty. Sheriff's Office, et al.*        Page 4

prosecuted him, violating his substantive due process rights.**¹**  The remaining federal claims derive from the First and Fourteenth Amendment violations.  He claims that Washtenaw County and the Sheriff's Office are liable for King's actions under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (Count VII) and that King and Superior Township civilly conspired to deprive him of his constitutional rights (Count VIII).  Finally, he brings two state-law claims against King and Superior Township for malicious prosecution and intentional infliction of emotional distress (Counts IX and X).  The defendants moved to dismiss the claims against them. The district court granted their motions in full and Susselman timely appealed.

Before we consider Susselman's arguments on appeal, we address some preliminary matters.  First, he waived his state-law malicious prosecution and intentional infliction of emotional distress claims as to Superior Township by expressly disavowing them in his reply brief.  *See Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1011 (6th Cir. 2022).  Second, although Susselman includes the Washtenaw County Sheriff's Office as a defendant on appeal, the district court held that 42 U.S.C. § 1983 does not recognize that office as a "person" capable of being sued.  He does not dispute that and has therefore forfeited the issue.  *Bannister*, 49 F.4th at 1011–12.  Lastly, although the district court failed to address whether it retained supplemental jurisdiction over Susselman's state-law claims after it dismissed his federal claims, no party raises the issue on appeal, so it is also forfeited.  *See Gucwa v. Lawley*, 731 F. App'x 408, 416 (6th Cir. 2018).

II.

This court reviews the district court's decision to grant a motion to dismiss de novo. *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1037 (6th Cir. 2024).  The complaint should be construed in the light most favorable to the plaintiff, its allegations accepted as true, and all reasonable inferences drawn in the plaintiff's favor. *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 562 (6th Cir. 2013) (en banc).  "Against that backdrop, we ask whether the complaint contains sufficient factual matter to state a claim to relief that is plausible

---

**¹**Susselman also brought claims against King and Superior Township for violating his procedural due process rights (Counts III and V) but conceded before the district court that those claims were not viable.  He does not attempt to revive them on appeal.

No. 23-1486        *Susselman v. Washtenaw Cnty. Sheriff's Office, et al.*        Page 5

on its face." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (cleaned up). "Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions." *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). And the court need not accept unwarranted factual inferences. *Id.*

III.

A. Claims against Deputy King

　　1. Substantive Due Process Claim

Susselman asserts a 42 U.S.C. § 1983 claim against King under the Fourteenth Amendment, contending that King violated his right to substantive due process when he maliciously prosecuted him by issuing the second ticket. The viability of such a claim is unclear, but assuming Susselman can bring the claim, he still fails to plausibly allege a constitutional violation or behavior by King to support it.

Section 1 of the Civil Rights Act of 1871, now codified at 42 U.S.C. § 1983, created a cause of action allowing individuals to vindicate violations of their constitutional rights. To succeed on a § 1983 claim, a plaintiff must first identify a constitutional right, then show that a person acting under the color of state law deprived him of that right. *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 482 (6th Cir. 2020). An initial hurdle for Susselman's substantive due process claim is whether the Fourteenth Amendment provides a right to be free from malicious prosecution.

At one time, this circuit recognized such a claim when a malicious prosecution "shocks the conscience." *See, e.g.*, *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990); *Cale v. Johnson*, 861 F.2d 943, 949–50 (6th Cir. 1988). But in *Albright v. Oliver*, the Supreme Court held that a constitutional malicious prosecution claim cannot lie under the Fourteenth Amendment in the context of an unreasonable seizure. 510 U.S. 266, 274–75 (1994) (plurality opinion). A plurality rejected the plaintiff's § 1983 claim, holding that, because his claim was based on a seizure, it must be brought under the Fourth Amendment, not the Fourteenth. *Id.* at

271.  In *Thompson v. Clark*, the Court confirmed that a malicious prosecution claim may be brought under the Fourth Amendment.  596 U.S. 36, 42 (2022).  The claim "requires the plaintiff to show a favorable termination of the underlying criminal case against him," and the wrongful initiation of charges without probable cause resulting in a seizure.  *Id.* at 43–44; *see Chiaverini v. City of Napoleon*, 144 S. Ct. 1745, 1750–51 (2024).

Despite the clarification the Court has provided for malicious prosecution claims under the Fourth Amendment, the question remains: may a plaintiff bring a malicious prosecution claim under the Fourteenth Amendment?  In *Thompson*, the Court mused that "[i]t has been argued that the Due Process Clause could be an appropriate analytical home for a malicious prosecution claim under § 1983.  If so, the plaintiff presumably would not have to prove that he was seized as a result of the malicious prosecution."  596 U.S. at 43 n.2 (citation omitted).  Though far from a full-throated confirmation of a substantive due process right to be free from malicious prosecution, this dictum leaves open the possibility that such a right exists.

Assuming that Susselman has a substantive due process right to be free from malicious prosecution, he still fails to plausibly allege a claim.  To do so, a plaintiff must identify either "a violation of an explicit constitutional guarantee (e.g., a fourth amendment illegal seizure violation)" or a "behavior by a state actor that shocks the conscience."  *Braley v. City of Pontiac*, 906 F.2d 220, 225 (6th Cir. 1990).  Susselman does not base his malicious prosecution claim on a violation of any constitutional guarantee, so his claim requires that he plausibly allege that King's conduct shocks the conscience.  He has not done so.  Although the standard is vague, we have found police conduct to shock the conscience in cases involving excessive force.  *Id.* at 226 (citing *Wilson v. Beebe*, 770 F.2d 578 (6th Cir. 1985)).  Susselman contends that King's conduct shocks the conscience because he lacked probable cause to issue the second ticket and therefore acted "arbitrarily and capriciously."  Apt. Br. 32.  But this court has already held that issuing a ticket without probable cause does not shock the conscience.  *Vasquez v. City of Hamtramck*, 757 F.2d 771, 773 (6th Cir. 1985) (per curiam).  Because he cannot point to conduct by King that shocks the conscience, Susselman's substantive due process claim fails.

2.  First Amendment Retaliation

Susselman next asserts a § 1983 claim against King under the First Amendment.  He contends that King's issuance of the second ticket was retaliation for his exercise of his First Amendment rights: first, for yelling at King during their encounter, an exercise of his right to free speech, and second, for asking Williams to dismiss the first ticket, an exercise of his right to petition.

A First Amendment retaliation claim has three elements.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  A plaintiff must plausibly show (1) that he was "engaged in protected conduct," (2) that the defendant took adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the protected conduct caused the adverse action, at least in part.  *Id.*

We consider the last prong first.  To show causation, a plaintiff must plausibly allege that the defendant would not have taken the adverse action "absent the retaliatory motive." *Nieves v. Bartlett*, 587 U.S. 391, 398–99 (2019).  In other words, that retaliation was the but-for cause of the action.  *Id.* at 399.  If the defendant decides to take the adverse action before the plaintiff engaged in the protected conduct, but-for causation does not exist.  *Id.* at 398 (explaining that there must be "a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's '*subsequent* injury'" (emphasis added) (citation omitted)); *cf. Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272–73 (2001) (Title VII retaliation); *Natofsky v. City of New York*, 921 F.3d 337, 354 (2d Cir. 2019) (same); *see Mickey v. Zeidler Tool & Die Co.,* 516 F.3d 516, 529 (6th Cir. 2008) (Batchelder, J., concurring) ("One cannot [retaliate] for something that has not yet happened.").

Susselman has not plausibly alleged that King's issuance of the second ticket was caused by First Amendment protected conduct.  His complaint states that, immediately after approaching Susselman's vehicle, King informed him that he would receive a ticket "for avoiding an emergency vehicle with its lights on and entering a crime scene." R.33, PageID 598. Only later did Susselman yell at King and, much later, send the letter to Williams.  *Id.* at 598, 600.  Thus, by Susselman's own account, his conduct cannot have been the but-for cause of the

second ticket because King had already decided to issue him a citation for failing to comply with an officer's direction of traffic when it occurred. *See Nieves*, 587 U.S. at 398; *cf. Breeden*, 532 U.S. at 272. Susselman offers nothing more than speculation to support that the second ticket was issued in retaliation. Because Susselman cannot establish causation, we need not address the other First Amendment retaliation factors.

### 3. Civil Conspiracy

Susselman's third and final § 1983 claim against King is civil conspiracy. He contends that King, with Superior Township, conspired to deprive him of his First and Fourteenth Amendment rights. A civil conspiracy is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). As noted, however, Susselman has not plausibly alleged that receiving the second ticket deprived him of his constitutional rights. Thus, any "plan" between King and Williams to issue that ticket cannot establish an agreement to engage in unconstitutional conduct.

### 4. State-Law Claims

Susselman brings two state-law tort claims against King for malicious prosecution and intentional infliction of emotional distress. They fail as well.

To state a claim for malicious prosecution under Michigan law, a plaintiff must plausibly show that (1) the defendant "initiated a criminal prosecution against him," (2) "the criminal proceedings terminated in his favor," (3) the defendant "lacked probable cause for his actions," and (4) "the action was undertaken with malice or a purpose . . . other than bringing the offender to justice." *Alman v. Reed*, 703 F.3d 887, 902 (6th Cir. 2013) (quoting *Matthews v. Blue Cross & Blue Shield of Mich.*, 572 N.W.2d 603, 609–10 (Mich. 1998)). The fourth prong sets a high bar, and the plaintiff must demonstrate that the defendant took actions that are "willful, wanton, or reckless, or against the accuser's sense of duty." *Sottile v. DeNike*, 174 N.W.2d 148, 150 (Mich. Ct. App. 1969). He can do so by providing proof of "bad blood, ill will or retribution." *Id.* A lack of probable cause does not alone suffice. *Alman*, 703 F.3d at 902. When a malicious prosecution claim is brought against a police officer, he may avoid liability by showing that he

No. 23-1486        *Susselman v. Washtenaw Cnty. Sheriff's Office, et al.*        Page 9

made a "full and fair disclosure of the material facts" to the prosecutor.  *Matthews*, 572 N.W.2d at 610.

Susselman has not plausibly alleged a malicious prosecution claim against King. Specifically, he does not point to any evidence that establishes malice.  By Susselman's own account, King immediately informed him that he would be issuing him a ticket for driving around an emergency vehicle.  Only later did Susselman yell at King.  That sequence forecloses the possibility that King had any improper motive in issuing Susselman a ticket for failing to obey a police officer directing traffic.  Susselman points to the fact that King signed the second ticket, which included an incorrect date and time, and to Williams's "bad-ass" comment.  But a minor timestamp error on a computer-generated ticket does plausibly push King into the realm of malicious intent.  Nor does a comment made by another party.

To the extent Michigan recognizes a claim for intentional infliction of emotional distress, the tort requires evidence of (1) "extreme and outrageous conduct," (2) "intent or recklessness," (3) causation, and (4) "severe emotional distress."  *Lucas v. Awaad*, 830 N.W.2d 141, 150 (Mich. Ct. App. 2013) (quoting *Dalley v. Dykema Gossett PLLC*, 788 N.W.2d 679, 694 (Mich. Ct. App. 2010)).  The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."  *Id.* (quoting *Doe v. Mills*, 536 N.W.2d 824, 833 (Mich. Ct. App. 1995)).

King's conduct plainly falls short of that high bar.  A police officer does not commit extreme and outrageous conduct by issuing a traffic ticket.  *Cebulski v. City of Belleville*, 401 N.W.2d 616, 618 (Mich. Ct. App. 1986).  Nor does he do so by enforcing the law, even if it causes a plaintiff to experience emotional distress.  *Stobbe v. Parrinello*, 1998 WL 1988741, at *2 (Mich. Ct. App. Nov. 24, 1998).  Here, King issued Susselman a traffic ticket and, when the prosecuting attorney informed him that the ticket listed the wrong charge, King issued a corrected ticket.  Susselman insists that, unlike the officers in *Cebulski* and *Stobbe*, King intended to cause him emotional distress by issuing a ticket.  But regardless of King's intent, Susselman has not plausibly alleged that his conduct was extreme.

B. *Monell* Claims Against Washtenaw County and Superior Township

Finally, Susselman asserts various municipal liability claims against Washtenaw County and Superior Township. Because he fails to identify any constitutional violation or municipal policy or custom resulting in a constitutional violation, these claims also fail.

A plaintiff can hold a municipality liable under § 1983 for constitutional injuries perpetrated by its agents. *Monell*, 436 U.S. at 694. To do so, he must allege that the municipality's official policy or custom "was 'the moving force behind the constitutional violation.'" *Nugent v. Spectrum Juv. J. Servs.*, 72 F.4th 135, 138 (6th Cir. 2023) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). A plaintiff can prove that a municipality has a custom or policy that led to his constitutional injury in multiple ways, including by showing that the injury was caused by the decision of an official with final authority to establish municipal policy respecting such activity. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–84 (1986) (plurality opinion).

Susselman has not plausibly alleged any claim against Washtenaw County or Superior Township. Foremost, Susselman has not plausibly alleged any underlying constitutional violation. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). Next, he has not alleged that either Washtenaw County or Superior Township has a pattern of committing constitutional violations like those he alleges. Finally, he has not alleged that King or Williams has final, unreviewable decision-making authority for Washtenaw County or Superior Township, respectively. Susselman insists that King had final authority over ticketing decisions for Washtenaw County, and Williams had final authority for prosecutorial decisions for Superior Township. But discretion to issue a ticket or pursue a prosecution is not the same as the authority to make final municipal policy. Susselman's claims against Washtenaw County and Superior Township therefore were properly dismissed.

IV.

For the foregoing reasons, we AFFIRM the district court's order.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 23-1486

MARC M. SUSSELMAN,

     Plaintiff - Appellant,

     v.

WASHTENAW    COUNTY    SHERIFF'S    OFFICE;
JONATHAN    KING;    WASHTENAW    COUNTY,
MICHIGAN; SUPERIOR TOWNSHIP, MICHIGAN,

     Defendants - Appellees.

```
┌─────────────────────────────┐
│           FILED             │
│        Jul 29, 2024         │
│   KELLY L. STEPHENS, Clerk  │
└─────────────────────────────┘
```

Before:  GIBBONS, BUSH, and MURPHY, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

_Kelly L. Stephens_

Kelly L. Stephens, Clerk